UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMELLE DANNEMAN,

                              Plaintiff,

            -against-

YOSEF GERSZBERG,

        a/k/a "Surab Bilich,"

                              Defendant.

**FIRST AMENDED
COMPLAINT**

**JURY TRIAL DEMANDED**

17 Civ. 8019 (RJS)

Plaintiff CARMELLE DANNEMAN, by her attorneys, the Law Office of Zachary Margulis-Ohnuma, complaining of the defendant, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to New York Penal Law and New York common law for the following offenses committed against her by defendant: rape, forcible touching, sexual abuse, sexual misconduct, assault, battery, false imprisonment, and the intentional infliction of emotional distress.

## JURISDICTION

2.      Plaintiff brings this action under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## VENUE

3.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claims arose.

**JURY DEMAND**

4.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

5.     Plaintiff Carmelle Danneman is a 23-year-old female, a citizen of the United States, and a resident of New York, New York.

6.     Defendant Yosef Gerszberg, upon information and belief, is a 26-year-old male, resident of New Jersey, and also goes by the name Surab Bilich (hereinafter "Yosef Gerszberg").

**FACTS**

7.     On November 4, 2016, a Friday night, plaintiff Carmelle Danneman attended a dinner party at a friend's home in New York City along with her two roommates and another friend.

8.     Defendant Yosef Gerszberg was also present at the dinner party and introduced himself to Ms. Danneman.

9.     Mr. Gerszberg had a brief conversation with Ms. Danneman and her friend in which he told her he worked for an architecture firm.

10.     Ms. Danneman had never met Mr. Gerszberg prior to the night of November 4, 2016.

11.     Ms. Danneman, along with her two roommates, returned to Ms.  Danneman's apartment in New York City after the dinner party.

12.     Upon arriving at her apartment, Ms. Danneman noticed Mr. Gerszberg, and several of his friends, in the lobby of her building.

13.     Mr. Gerszberg asked Ms. Danneman and her roommates if they were still socializing.

14.     Ms. Danneman's roommate told Mr. Gerszberg that they were not planning on socializing, and they were instead planning on going to sleep.

15.     Ms. Danneman and her roommates then took the elevator to the tenth floor without Mr. Gerszberg and his friends.

16.     Mr. Gerszberg and his friends followed Ms. Danneman and her roommates in a separate elevator up to the tenth floor.

17.     Upon information and belief, Mr. Gerszberg and his friends knew Ms. Danneman's apartment number through a mutual friend who lives in the same apartment building.

18.     Mr. Gerszberg and his friends knocked on Ms. Danneman's apartment door, and when Ms. Danneman's roommate opened the door, Mr. Gerszberg and his friends invited themselves in.

19.     Mr. Gerszberg, upon entering Ms. Danneman's shared apartment, walked straight to Ms. Danneman's bedroom.

20.     Ms. Danneman and her roommate confronted Mr. Gerszberg and asked him why he was in Ms. Danneman's bedroom.

21.     After Mr. Gerszberg provided a sufficient explanation for his presence in Ms. Danneman's room, Ms. Danneman's roommate left the room, and Ms. Danneman turned to leave the room as well.

22.     Before Ms. Danneman could exit the bedroom, Mr. Gerszberg grabbed Ms. Danneman's arm and started kissing her.

23.     Mr. Gerszberg closed the door of Ms. Danneman's bedroom.

24.     Ms. Danneman attempted to push Mr. Gerszberg away as a means of getting him to stop kissing her.

25.     Mr. Gerszberg overpowered Ms. Danneman, pushed her onto a bed, and trapped her under his body.

26.     Ms. Danneman attempted to sit up to get away but was unable to do so as Mr. Gerszberg used his body to pin her to the bed.

27.     At one point she was able to sit up, but Mr. Gerszberg pushed her back down forcefully.

28.     Mr. Gerszberg then proceeded to pull down Ms. Danneman's tights and engage in vaginal sexual intercourse with Ms. Danneman by forcible compulsion and without a condom.

29.     Mr. Gerszberg then flipped Ms. Danneman over and engaged in anal sexual intercourse with Ms. Danneman by forcible compulsion.

30.     For the foregoing paragraphs numbered 28 and 29, the forcible compulsion was, among other things, that Mr. Gerszberg held down Ms. Danneman with his arms, using force.

31.     At this point Ms. Danneman was crying and continued attempting to break free of Mr. Gerszberg.

32.     Mr. Gerszberg did not ejaculate.

33.     Ms. Danneman was finally able to break free of Mr. Gerszberg and told him to leave her bedroom.

34.     Mr. Gerszberg left the bedroom, and Ms. Danneman immediately ran to the bathroom, which was next door to the bedroom.

35.     Ms. Danneman's roommate, sensing that something was wrong, went to the door of the bathroom and asked Ms. Danneman what happened.

36.     Ms. Danneman's roommate then told Mr. Gerszberg and his friends that they needed to leave the apartment, which they did.

37.     Ms. Danneman, two of her roommates, and a third friend then went to a hospital in New York City so that Ms. Danneman could have a "rape kit" performed on her.

38.     Ms. Danneman suffered physical effects from Mr. Gerszberg's attack, including several cuts and bruises, as well as lasting emotional trauma.

39.     Ms. Danneman suffered economic damages including lost wages, and ultimately loss of employment, as well as medical costs as a result of the attack.

## CAUSES OF ACTION

### COUNT I

**New York Penal Law § 130 et seq.**

40.     Plaintiff Carmelle Danneman repeats, reiterates, and realleges each and every allegation set forth heretofore with the same force and effect as though more fully set forth herein.

41.     On November 4, 2016, defendant Yosef Gerszberg committed rape, criminal sexual act, forcible touching, sexual abuse, and sexual misconduct upon plaintiff Carmelle Danneman in her apartment located in New York, New York.

42.     By reason of the foregoing, defendant Yosef Gerszberg committed crimes in violation of New York Penal Law including, but not limited to, Rape in the First Degree, Forcible Touching, Sexual Abuse in the First Degree, and Sexual Misconduct.

43.     By reason of the foregoing, plaintiff Carmelle Danneman demands all of the damages to which she is entitled.

44.     By reason of the foregoing, plaintiff Carmelle Danneman is entitled to punitive damages from defendant Yosef Gerszberg.

<u>COUNT II</u>

**Assault**

45.     Plaintiff Carmelle Danneman repeats, reiterates, and realleges each and every allegation set forth heretofore with the same force and effect as though more fully set forth herein.

46.     On November 4, 2016, defendant Yosef Gerszberg intentionally placed plaintiff Carmelle Danneman in fear and apprehension of immediate offensive contact due to his actions which occurred in Ms. Danneman's apartment located in New York, New York.

47.     By reason of the foregoing, defendant Yosef Gerszberg committed an assault on plaintiff Carmelle Danneman.

48.     By reason of the foregoing, plaintiff Carmelle Danneman demands all of the damages to which she is entitled.

49.     By reason of the foregoing, plaintiff Carmelle Danneman is entitled to punitive damages from defendant Yosef Gerszberg.

<u>COUNT III</u>

**Battery**

50.     Plaintiff Carmelle Danneman repeats, reiterates, and realleges each and every allegation set forth heretofore with the same force and effect as though more fully set forth herein.

51.     On November 4, 2016, defendant Yosef Gerszberg committed offensive contact upon plaintiff Carmelle Danneman when he grabbed her, kissed her against her will, shoved her multiple times onto her bed, and when he had vaginal and anal intercourse with her by forcible compulsion in her apartment located in New York, New York.

52.     By reason of the foregoing, defendant Yosef Gerszberg committed battery on plaintiff Carmelle Danneman.

53.     By reason of the foregoing, plaintiff Carmelle Danneman demands all of the damages to which she is entitled.

54.     By reason of the foregoing, plaintiff Carmelle Danneman is entitled to punitive damages from defendant Yosef Gerszberg.

<u>COUNT IV</u>

**False Imprisonment**

55.     Plaintiff Carmelle Danneman repeats, reiterates, and realleges each and every allegation set forth heretofore with the same force and effect as though more fully set forth herein.

56.     On November 4, 2016, defendant Yosef Gerszberg intentionally restricted plaintiff Carmelle Danneman's movement by closing the door to her bedroom, grabbing her, shoving her onto her bed, and pinning her there with his body while he had vaginal and anal

intercourse with her by forcible compulsion, all occurring in her apartment located in New York, New York.

57.     By reason of the foregoing, defendant Yosef Gerszberg falsely imprisoned plaintiff Carmelle Danneman.

58.     By reason of the foregoing, defendant Yosef Gerszberg committed crimes in violation of New York Penal Law and New York common law including, but not limited to, Unlawful Imprisonment in the First and Second degree.

59.     By reason of the foregoing, plaintiff Carmelle Danneman demands all of the damages to which she is entitled.

60.     By reason of the foregoing, plaintiff Carmelle Danneman is entitled to punitive damages from defendant Yosef Gerszberg.

<u>COUNT V</u>

**Intentional Infliction of Emotional Distress**

61.     Plaintiff Carmelle Danneman  repeats, reiterates, and realleges each and every allegation set forth heretofore with the same force and effect as though more fully set forth herein.

62.     On November 4, 2016, defendant Yosef Gerszberg engaged in vaginal and anal intercourse with Ms. Danneman by forcible compulsion, causing Ms. Danneman severe emotional distress.

63.     By reason of the foregoing, plaintiff Carmelle Danneman sustained intentional infliction of emotional distress.

64.     By reason of the foregoing, plaintiff Carmelle Danneman demands all of the damages to which she is entitled.

65.     By reason of the foregoing, plaintiff Carmelle Danneman is entitled to punitive damages from defendant Yosef Gerszberg.

COUNT VI

**Criminal Sexual Act, N.Y. Penal Law § 130.50**

66.     Plaintiff Carmelle Danneman repeats, reiterates, and realleges each and every allegation set forth heretofore with the same force and effect as though more fully set forth herein.

67.     On November 4, 2016, defendant Yosef Gerszberg engaged in anal sexual conduct, specifically anal intercourse, with Ms. Danneman by forcible compulsion in her apartment located in New York, New York.

68.     By reason of the foregoing, defendant Yosef Gerszberg committed crimes in violation of New York Penal Law, including, but not limited to, a Criminal Sexual Act in the First Degree.

69.     By reason of the foregoing, plaintiff Carmelle Danneman demands all of the damages to which she is entitled.

70.     By reason of the foregoing, plaintiff Carmelle Danneman is entitled to punitive damages from defendant Yosef Gerszberg.

        **WHEREFORE**, Carmelle Danneman demands a judgment and punitive damages with regard to Counts I-VI against the individual defendant in a sum exceeding $75,000 plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        February 27, 2017

LAW OFFICE OF ZACHARY MARGULIS-OHNUMA


BY: s/ Zachary Margulis-Ohnuma
ZACHARY MARGULIS-OHNUMA
260 Madison Avenue, 17th Floor
New York, NY 10016
(212) 685-0999
*Attorneys for Plaintiff Carmelle Danneman*