# Law Office of
# Zachary Margulis-Ohnuma

April 26, 2018

**Via ECF and Email SullivanNYSDchambers@nysd.uscourts.gov**

Hon. Richard J. Sullivan
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    RE: <u>Carmelle Danneman v. Yosef Gerszberg</u>, 17 Cv. 8019 (RJS)

Dear Judge Sullivan:

This office represents the plaintiff Carmelle Danneman in the above-captioned case. I write with the consent of defense counsel to jointly submit this status letter and proposed case management plan and scheduling order in accordance with the Court's prior order. See ECF No. 25. Defendant acknowledges receipt of the Court order and has reviewed it. The following are the parties' joint answers to the Court's questions:

1. A brief statement of the nature of the action and the principal defenses thereto.

The controversy at bar involves a sexual encounter between the parties that occurred on November 4, 2016, in plaintiff's apartment. Plaintiff claims that the encounter was non-consensual and forced. Defendant submits that the sexual encounter was consensual. No witnesses were in the room at the time of the encounter.

2. A brief explanation of why jurisdiction and venue lie in this Court.

Plaintiff brings this action under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claims arose.

260 Madison Avenue, 17th Floor • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

3. A brief description of all outstanding motions and/or outstanding requests to file motions.

   Defendant requests that plaintiff amend the caption of the Amended Complaint to list defendant's legal name, Surab Bilich.  Defendant asserts that the current caption is improperly pled and associates this litigation and the allegations therein with the Gerszberg name to derisively put pressure on the wrong person and family. Defendant alternatively requests leave of the Court to file a motion to amend and correct the case caption to reflect the legal name of the defendant, Surab Bilich.

   Plaintiff will make any appropriate amendments once defendant's identity is conclusively established. Plaintiff will not agree to remove the alias defendant used to commit the tortious act.

4. A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations.

   The parties have agreed to provide initial disclosures prior to the pre-trial conference.  Discovery thereafter will be undertaken pursuant to the Scheduling Order.

5. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.

   None at this time. Defendant has requested a good faith demand be made by plaintiff.

6. The estimated length of trial.

   Five to seven days.

7. Any other information that the parties believe may assist this Court in resolving this action.

   None at this time.

LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

```
                                        Very truly yours,


                                        Adam Elewa

                                        Adam Elewa


CC:  Daniel N. Epstein, Esq. (via ECF and Email)
     Elliot Ostrove, Esq. (via ECF and Email)
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carmelle Danneman,

                Plaintiff,

-v-

Yosef Gersberg a/k/a Surab Bilich,

                Defendant.

No. 17 Civ. 8019 (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

      Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties **Do not** consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [*Please choose one. If all parties consent, the remainder of the Order need not be completed at this time.*]

2. This case **is** ] to be tried to a jury. [*Please choose one.*]

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than **May 2, 2018** [*Absent exceptional circumstances, within fourteen days of the date of the parties' conference pursuant to Rule 26(f).*]

6. All *fact* discovery is to be completed no later than **August 31, 2018**. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

    a. Initial requests for production of documents shall be served by **July 2, 2018**

  b.  Interrogatories shall be served by __July 2, 2018__

  c.  Depositions shall be completed by __August 31, 2018__.

    i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

    ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

    iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  d.  Requests to Admit shall be served no later than __July 2, 2018__

8. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

  a.  Expert(s) of Plaintiff(s): __September 30, 2018__

  b.  Expert(s) of Defendant(s): __November 30, 2018__

9. All discovery shall be completed no later than __November 30, 2018__

10. The Court will conduct a post-discovery conference on _____. [*To be completed by the Court.*]

2

11. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by _____. [*To be completed by the Court.*] Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices.

12. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: [*Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

   a. \_\_\_\_X\_\_\_\_ Referral to a Magistrate Judge for settlement discussions

   b. _____ Referral to the Southern District's Mediation Program
   [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.*]

   The parties are to contact _____ by _____.
   [*To be completed by the Court after consultation with the parties.*]

14. Parties have conferred and their present best estimate of the length of trial is 5 - 7 days

15. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are not permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's

contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

16. No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (For example, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED: _____, 20\_\_
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4