# LAW OFFICE OF
# ZACHARY MARGULIS-OHNUMA

August 23, 2018

**Via ECF and Email SullivanNYSDChambers@nysd.uscourts.gov**

Hon. Richard J. Sullivan
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    RE: Carmelle Danneman v. Yosef Gerszberg, 17 Cv. 8019 (RJS)

Dear Judge Sullivan:

  This office represents the plaintiff Carmelle Danneman in the above-captioned case. We write to ask the Court to dismiss defendant's defamation counterclaim (ECF No. 58) against Ms. Danneman on the basis that defendant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Biro v. Condé Nast, 883 F. Supp. 2d 441, 458 (S.D.N.Y. 2012)(dismissing non-actionable statements). We respectfully submit that a pre-motion conference is unnecessary and that the issue can be decided on this letter motion alone.

### Summary of Defendant's Counterclaim

  Defendant filed a counterclaim against Ms. Danneman on August 7, 2018 alleging that she defamed defendant by discussing his rape of her with others. See Defendant's Answer and Counterclaim ¶ 94-101.[1] In sum and substance, Ms. Danneman contacted four women, referred to by defendant as Jane Does I-IV, to share her story about what defendant did to her, to inquire into what they knew about defendant and his family, and to seek emotional support (hereinafter "Jane Doe Conversations"). Id. The Jane Doe Conversations occurred on dates ranging from November 8, 2016 to August 17, 2017. Id. Defendant also alleges that Ms. Danneman defamed defendant by publishing the filed complaint using various means. See Id. ¶ 103-105.

### The Allegedly Defamatory Statements Are All Privileged

  Each defamatory statement alleged in defendant's counterclaim was made by Ms. Danneman either in the preliminary stages of litigation or represents a fair and true reporting of a judicial

---

[1] Defendant's Answer and Counterclaim will hereinafter be cited to as "Def. CC."

or official proceeding, thus leaving defendant without any plausible claim for relief.

Allegations related to Ms. Danneman distributing the complaint to third-parties, Id. ¶ 103-105, cannot provide a basis for defamation under New York law and should be stricken. See NY CLS Civ R § 74 (no cause of action for "fair and true" report of any judicial proceeding or other official proceeding); Lacher v. Engel, 33 A.D.3d 10 (1st Dep't 2006) (pleadings covered by § 74).

The Jane Doe Conversations are also privileged. Ms. Danneman reported that defendant raped her to the New York Police Department, the NYPD's Special Victims Unit, and the Manhattan District Attorney's Office on November 5, 2016. As a result, when Ms. Danneman allegedly repeated the story of her rape to Jane Does I-IV beginning on November 8, 2016 she was providing a "fair and true report" of an "official proceeding." See NY CLS Civ R § 74 (no cause of action for "fair and true" report of any "official proceeding"); Rodriguez v. Daily News, L.P., 142 A.D.3d 1062, 1063 (2nd Dep't 2016)("police investigation of . . . rape constituted an official proceeding" under § 74). Accordingly, defendant's defamation allegations premised on Ms. Danneman telling Jane Does I-IV about defendant raping her, Def. CC. ¶ 94-98, should be stricken.

Additionally, Ms. Danneman's August 17, 2017 conversation with Jane Doe I in which she allegedly states that the defendant had raped other women is also privileged. According to defendant's own pleadings Ms. Danneman was reaching out to Jane Doe I at the direction of counsel and in anticipation of litigation. Def. CC. ¶ 98-101. "[S]tatements made by parties or their attorneys in the course of litigation are absolutely privileged if they are pertinent to the case." Daniel v. Safir, 175 F. Supp. 2d 474, 482 (E.D.N.Y. 2001) citing Aequitron Med. v. Dyro, 999 F. Supp. 294, 298 (E.D.N.Y. 1998)("[A]bsolute privilege attaches not only at the hearing or trial phase, but to every step of the proceeding in question, even if it is preliminary and/or investigatory."). Accordingly, allegations related to the August 17, 2017 conversation with Jane Doe I should be stricken, and defendant's defamation claim should be dismissed as all defamatory statements alleged are privileged.

### Most of The Alleged Defamatory Statements Are Time-Barred

Under New York law, all claims for defamation must be commenced within one year from publication. Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 89-90 (2d Cir. 2003); Albert v. Loksen,

LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

239 F.3d 256, 269 (2d Cir. 2001)(statement published when read by anyone other than the defamed). Defendant filed his counterclaim on August 7, 2018. Accordingly, the only statements that fall within the one-year statute of limitations are those made on August 17, 2017. Def. CC. ¶ 98-101. Defendant has not pled any facts that would justify tolling the statute of limitations. Pasqualini v. MortgageIT, Inc., 498 F. Supp. 2d 659, 669 (S.D.N.Y. 2007) (tolling permitted only where defendant takes steps to conceal cause of action from plaintiff).[2] Accordingly, all statements published over one year prior to August 7, 2018, specifically Def. CC. ¶ 94-97, should be stricken. See Nghiem v. U.S. Dep't of Veteran Affairs, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006) (motion to dismiss on statute of limitations grounds treated as motion to dismiss for failure to state a claim).

### Defendant Misrepresents the August 17, 2017 Conversation

Defendant alleges that in the August 17 conversation Ms. Danneman told "Jane Doe I that [defendant] had raped multiple people." Def. CC. at 99. This is a gross mischaracterization of Ms. Danneman's statement to Jane Doe I, which when read in context, and in connection with other conversations turned over in discovery and referenced in defendant's counterclaim, is not even plausibly defamatory. We have not included documents containing the full conversations with this letter pursuant to the Court's Individual Rule 2(A). We respectfully request permission to provide the Court with the full conversations referenced in defendant's counterclaim to assist the Court in its evaluation of that claim. Biro, 883 F. Supp. 2d at 455 (court may evaluate documents referenced in the complaint in motion to dismiss).

Very truly yours,

*Adam Elewa*

Adam Elewa

---

[2] This record contains evidence that defendant knew at least as early as October 4, 2016 that Ms. Danneman had spoken to Jane Doe I about the rape. Specifically, an attorney representing defendant threatened to sue Ms. Danneman for defamation and harassment based on her conversations with Jane Doe I. See ECF No. 14 ¶ 8-11 (Affidavit in Support of Motion for Default Judgment).